# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SAMUEL C. WILLOUGHBY, | ) |
| Appellant, | ) Case No. 15-cv-5373 |
| v. | ) Judge Sharon Johnson Coleman |
| CITY OF CHICAGO, | ) |
| Appellee. | ) |

# MEMORANDUM OPINION AND ORDER

Appellant Samuel C. Willoughby ("Willoughby") appealed the United States Bankruptcy Court's denial of a Motion for Rule to Show Cause against the City of Chicago ("Chicago"). Chicago now moves to dismiss Willoughby's appeal for lack of compliance with the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, Chicago's motion is denied.

Chicago first contends that dismissal is warranted because Willoughby violated former Federal Rule of Bankruptcy Procedure 8001(a)'s requirement that a notice of appeal "shall contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys." Fed. R. Bankr. P. 8001(a) (2013). Although Willoughby listed Chicago as a party to this appeal, neither Willoughby's Notice of Appeal nor his Amended Notice of Appeal provided a name, address, or telephone number for an attorney representing Chicago. The current Federal Rules of Bankruptcy Procedure, however, only require that the notice of appeal "conform *substantially* to the appropriate Official Form." Fed. R. Bankr. P. 8003 (2015) (emphasis added). Moreover, this Court notes that Chicago has failed to allege any

1

prejudice resulting from Willoughby's error and that any prejudice to Chicago is easily avoidable by extending the applicable deadlines. Accordingly, this Court will not dismiss on that basis alone.

Chicago also contends that Willoughby's appeal should be dismissed because he has violated the requirements of former Federal Rule of Bankruptcy Procedure 8006 (2013), which this Court notes have now been incorporated into Rule 8009. Rule 8009 requires, in pertinent part, that an appellant must designate the record on appeal and order the necessary transcripts within fourteen days of the notice of appeal becoming effective. Fed. R. Bankr. P. 8009 (2015). The record on appeal must include "the judgment, order, or decree being appealed;" "any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings;" and "any transcript ordered." *Id.* Failure to comply with these requirements is not jurisdictional, but such a failure may still be the basis for dismissing an appeal. *Matter of Thompson*, 140 B.R. 979, 982 (N.D. Ill. 1992). Before this Court may dismiss an appeal on this ground, however, it must consider (1) whether alternative measures in lieu of dismissal are available and (2) whether the conduct giving rise to the dismissal was caused by the party's attorney. *Id.*

Here, Willoughby failed to order the necessary transcripts or to designate the motion being appealed as part of the record until Chicago highlighted these deficiencies in its motion to dismiss, eighteen days after Willoughby filed his appeal. Moreover, although Willoughby ultimately ordered the necessary transcripts, he still has not designated the transcripts as part of the record on appeal. These failings demonstrate a lack of attention and care by Willoughby's counsel and would justify this Court in dismissing this appeal. Nonetheless, in the interests of justice and because reasonable alternatives are available to it, this Court declines to dismiss Willoughby's appeal at this time.

Accordingly, Chicago's motion to dismiss is denied without prejudice. Willoughby is ordered to file an amended designation of the record within seven (7) days of this Order, identifying all documents that are to constitute the record on appeal. Chicago shall have fourteen (14) days

thereafter to file their designation of the record and statement of the issues. A status hearing is set for January 4, 2015 to establish a schedule for substantive briefing.

IT IS SO ORDERED.

Date: November 13, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge